ORIGINAL

FILED
OCT 17 2006
U.S. COURT OF FEDERAL CLAIMS

**FILED UNDER SEAL**

***Protected Information to be Disclosed Only in Accordance with the Protective Order Issued by the U.S. Court of Federal Claims***

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| IDEA INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 06-717 C<br><br>Hon. ________________ |

**MOTION FOR EXPEDITED PROCEEDINGS & REQUEST FOR SCHEDULING CONFERENCE**

Plaintiff IDEA International, Inc. ("IDEA International"), through its undersigned counsel, files this Motion for Expedited Proceeding and Request for a Scheduling Conference.

This is a bid protest action seeking declaratory and injunctive relief, but with a unique procedural history. Heretofore, the bid protest has been proceeding at the Government Accountability Office ("GAO") At the same time, Plaintiff has been pursuing in this Court preliminary and permanent injunctive relief against the agency's override of the automatic stay provided by the Competition in Contracting Act. That case is before Judge Thomas Wheeler in No. 06-652. As of October 13, 2006, both proceedings were postured for resolution. Then, on October 13, 2006, the Government filed a motion to dismiss the case in No. 06-652 as moot, adopting a new legal position.

With the filing of its October 13, 2006, motion to dismiss, apparently adopting the position set forth in the October 11, 2006, motion filed by ICATT in IDEA's GAO protest, the Government does a complete 180-degree turn in this Court. The Government asserts for the first time that this procurement was conducted pursuant to FAR Part 8 rather than FAR Part 15, as the Agency has consistently held throughout the course of both the procurement and protest process. Not only does the agency report in the GAO protest not include ICATT's GSA Schedule 69 contract against which the relevant task order was allegedly issued or make any reference to FAR Part 8, but the agency report is silent with regard to the issue, despite the relevant allegations set forth in IDEA's initial GAO protest.

In marked contrast to its current assertions that this was a FAR Part 8 procurement, the Government has been before this Court for almost one month arguing the legitimacy of its override of the automatic CICA stay. At every step of the way, the Agency has proceeded as if this were a competitive procurement conducted pursuant to FAR Part 15. Its Source Selection Plan indicates that the source selection is to be made in accordance with FAR 15.308. Rather than relying on any determination of fair and reasonable pricing conducted by GSA, the Agency performed its own price evaluation, as well as an evaluation of technical factors and past performance, as part of its best value award determination, a concept that is inherent in FAR Part 15 (*see* FAR 15.101).

After contract award (and after it knew IDEA had learned of the award from a third party), the Agency advised IDEA of its right to a debriefing, instructing IDEA of the requisite procedure for requesting a debriefing, and directing IDEA to the protest procedures set forth at FAR Part 33. Both the Contracting Officer's email message to IDEA of the Agency's intent to override the automatic CICA stay after the filing of IDEA's protest at GAO and the subsequent

Determinations and Findings ("D&F") specifically reference an award to ICATT pursuant to Contract No. HE1254-06-F-0040. It is not until the Agency files its report in the GAO protest that IDEA discovers that the awarded task order references ICATT's GSA Schedule 69 contract number, despite that ICATT's contract does not include any line item or pricing for home school program services.

The Government's motion to dismiss is both convenient and disingenuous. If this case was a FAR Part 8 procurement, why has the Government wasted this Court's time for more than one month arguing the merits of the stay override. The Agency even went to the trouble of preparing a second D&F when the first one was deemed woefully inadequate. Certainly, the Government continues to straddle the fence; it would certainly like to have IDEA's action dismissed, but it knows that ICATT is ineligible for award under its Schedule 69 contract, which does not include any home schooling services, let alone the line items contained in contract modification P0001.

By doing this procurement about face so late in the process, the Government has created a bit of a procedural morass. Because of the difficulty involved in sorting out this matter between the GAO and Court proceedings, IDEA now seeks to bring the protest action to the Court for resolution on the merits. While IDEA is filing only a complaint, it seeks injunctive relief pending the outcome of the case, and believes that, given the investment of time by the Court in the matter and the numerous pleadings filed by the parties both in this Court and at GAO to date, expedited review is appropriate and the parties should proceed immediately to cross motions for judgment on the record with an appropriate schedule to be determined by the Court. If it is not convenient for the Court to accommodate an expedited schedule, Plaintiff will

file a combined motion for a temporary restraining order and a preliminary injunction. Plaintiff is prepared to file its papers within a few days under either approach.

Plaintiff requests a scheduling conference at the Court's earliest convenience.

Of Counsel:

C. Stanley Dees
Todd J. Canni
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7178

October 17, 2006

Respectfully submitted,

By: 

Jessica Abrahams
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7204

Attorney of Record for
Plaintiff, IDEA International, Inc.